Curia, per Harper, Ch.
It was urged in argument, though it does not appear to have been made or considered on the circuit, that the assignment of Evans to J. M. Desaussure, was not the assignment of a chose in action, so far as related to the costs in question, but of a naked possibility, which is not regarded as assignable. The sheriff, Goodwin, it is said, had been but a short time in office, and it is not to be supposed that he had collected any considerable proportion of the costs now claimed, and only the costs which were in his hands at the time of the assignment to Desaus-sure, could pass under it. I suppose, however, that the costs had accrued and were due to Evans, from some one at the date of the assignment. It is hardly to be presumed that he continued to act as clerk of the court and earn costs, after he had failed and assigned all his property. If so, the assignee had a right to them in the hands of the parties liable to pay costs, and might follow them into the hands of Goodwin ; and having a special equity in behalf of the preferred creditors, would have a prior right to them, as against Goodwin, even supposing him to be a general creditor of Evans. Indeed, in the case supposed, this court would regard the sheriff only as the agent of the assignee, for the purpose of collecting the costs. But, independently of this, I suppose, the assignment attached upon the costs as they came into the hands of Goodwin. — • Evans was estopped by his assignment; the transaction was valid between the parties, and the assignee must take them, unless some one should show a better right to them. The argument is, that *67 Goodwin was a creditor of Evans, in respect of the sura of f731 95, which he himself had paid to the creditors of Bullard & Burr, in exoneration of Evans’ liability; and upon the costs coming into his hands, had, as a creditor in possession, at least equal equity with the assignee, whose title to them accrued only at the same instant. But this payment was made a considerable time after the assignment, and he may have received a large portion of the costs before that time. In fact, as I have said, we have no evidence when the costs were received. The assignee has a clear right to them, unless a better right is shown, and I do not know that we ought to enter into the consideration of the question. But was Goodwin, in fact, a creditor of Evans’ ? He was in contempt of the court, by failing to obey its process. As a punishment for this, he, himself, was directed to be attached, and would have been imprisoned, unless he had been permitted to discharge himself by making satisfaction to the parties injured by his neglect. It may be, that if Evans had been afterwards found within the jurisdiction, the court would have punished him in the same way, and might have made it a condition of his discharge, that he should reimburse Goodwin. But could the latter have maintained any action against Evans, as for money paid, laid out and expended?
This misconduct of the sheriff, which subjected him to the penal censure of the court, would be a singular ground on which to build a prior equity.
Then as to the case of the complainants, the sureties of Goodwin. — Goodwin was officially liable to the creditors of Bullard & Burr, for his neglect in failing to arrest Evans, and no doubt they might have maintained an action on the case against him for that neglect. Complainants, along with Goodwin, in discharge of his liability and their own, paid off those creditors and took an assignment of their decrees. Supposing this to have made them creditors of Evans, I do not see how they could be regarded as any thing more than general creditors, who must be postponed to a special assignee. But in truth, their whole position, with respect to the payments made by them, amounts to this — that having paid part of their liabilities, as the official sureties of Goodwin, they claim to *68 set ofí this payment against the residue of their liabilities. This, of course, is out of the question.
J. M. Desaussure, for appellant Blair.
Withers, contra.
The decree is therefore reversed, and it is ordered and decreed, that the amount reported in favor of the defendant, John J. Blair, be paid to him.
Johnson, Dunion and Johnston, Chancellors, concurred.